**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



**HOWARD SCHMUCKLER, and
ELAYNE S. SCHMUCKLER,**

**Plaintiffs,**

v.                                               **ACTION NO. 2:12cv64**

**J. CHAPMAN PETERSEN, and
HASSINA ANSARY,**

**Defendants.**

## DISMISSAL ORDER

Plaintiffs filed this pro se suit against Defendants. This action is one of many previously filed suits arising from the same facts. Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs were advised of their opportunity to respond to the Motion. Plaintiff Howard Schmuckler filed no response. Plaintiff Elayne Schmuckler filed no substantive response, but instead requested that she be voluntarily dismissed from this lawsuit. Defendants did not oppose this request. Plaintiff is entitled to a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), so the Court **GRANTS** Plaintiff Elayne Schmuckler's Motion for Removal From Lawsuit.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for

failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id. at 545; Iqbal, 129 S. Ct. at 1951. A pro se complaint should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 129 S. Ct. at 1951. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-08 (1976).

Here, the Complaint asserts claims pursuant to a variety of statutes. Counts One, Two, and Six assert violations of 18 U.S.C. § 1341, the federal mail fraud statute. This criminal statute does not create a private right of action. Neild v. Wolpoff & Abramson, L.L.P, 453 F. Supp. 2d 918, 926 (E.D. Va. 2006). Count Three asserts an alleged violation of unspecified "lien law," presumably 18 U.S.C. § 1521 as referenced on first page of Complaint. That statute criminalizes the filing of retaliatory false liens against a federal judge or federal law enforcement officer. Plaintiffs do not allege they are members of the group the statute protects, and the criminal statute does not explicitly establish a private cause of action, meaning one should not be implied. See Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987). Count Four alleges a "conspiracy to defraud." The nature of a conspiracy is an agreement to commit an unlawful act. Here, Plaintiffs have set forth no cognizable claim of any unlawful act. Therefore, they cannot maintain a conspiracy charge. See Hechler Chevrolet, Inc. v. General Motors Corp., 230 Va. 396, 402, 337 S.E.2d 744, 748 (1985) ("There can be no conspiracy to do an act which the law allows."). Count Five invokes a statute that

does not exist, 11 U.S.C. § 3201. Presumably, Plaintiffs intended instead to base their claim upon 28 U.S.C. § 3201. That statute is part of the Federal Debt Collection Procedure Act, which establishes procedures for the United States to recover debts owed to it. Clearly, Plaintiffs are not the United States, and therefore 28 U.S.C. § 3201 has no applicability.

The Complaint thus fails to establish any plausible claim of entitlement to relief as to Counts One through Six, and the Court **GRANTS** Defendants' Motion to Dismiss. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted in Counts Seven and Eight of the Complaint. Accordingly, this action is **DISMISSED**.

Plaintiffs are advised that they may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiffs and counsel for Defendants.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 23, 2012